103 F.3d 122
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth A. SWANN, Defendant-Appellant.
 No. 96-4017.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 27, 1996.
Decided Nov. 27, 1996.
 
 ARGUED: Hunt Lee Charach, Federal Public Defender, Charleston, West Virginia, for Appellant. Margaret Agnes Hickey, Assistant United States Attorney, Charleston, West Virginia, for Appellee. ON BRIEF: C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.
 Before MURNAGHAN, Circuit Judge, SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation, and MICHAEL, Senior United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Swann was convicted of possessing with intent to distribute a quantity of marijuana. He claimed a search warrant which produced evidence against him was invalid, not being based on probable cause. The district judge agreed that the warrant was invalid but would not suppress the evidence discovered by the police, relying on the good faith exception of United States v. Leon, 468 U.S. 897 (1984). However, the case on which he relied, United States v. Edwards, 798 F.2d 686 (4th Cir.1986), has been followed to the contrary effect by a later and even more related one, United States v. Wilhelm, 80 F.3d 116 (4th Cir.1996), which denied application of the Leon exception because of the bare bones nature of the affidavit and because the state magistrate issuing the warrant could not have acted as other than a rubber stamp in approving such an affidavit. Id. at 122.
 
 
 2
 The later and more relevant authority controls so we conclude that the decision of the district court denying suppression should be reversed, and the case remanded for further proceeding.
 
 REVERSED AND REMANDED